IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**William McNeil, Jr**.,

       Plaintiff,

Civil Action File No.
3:25-cv-01058

**Officer D. Bowers**,
in his individual capacity; and
**Officer D. Miller**,
in his individual capacity; and
**Sheriff Thomas Kevin Waters**,
in his individual capacity
as Sheriff of the Consolidated City of
Jacksonville and Duval County; and
**Consolidated City of Jacksonville,
Florida and Duval County, Florida**

       Defendants.

_____/

## PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, William McNeil, Jr. (hereinafter "Plaintiff"), by and

through the undersigned attorneys, and hereby files this Complaint against Officer

D. Bowers, in his individual capacity; Officer D. Miller, in his individual capacity;

Sheriff Thomas Kevin Waters, in his individual capacity; and Consolidated City of

Jacksonville, Florida and Duval County, Florida. The Plaintiff alleged the following:

## INTRODUCTION

On February 19, 2025, William McNeil Jr. was the victim of an assault perpetrated by Officer D. Bowers (hereinafter referred to as "Defendant Bowers") of the Jacksonville Sheriff's Office (JSO). Mr. McNeil was struck in the face by Defendant Bowers while seated in the driver's seat of his vehicle, during which time he posed no immediate threat to Defendant Bowers or any other individuals. Subsequently, Mr. McNeil was again struck in the face by Defendant Bowers after being forcibly removed from his vehicle, and once more, he did not pose a threat, nor did he resist Defendant Bowers with violence. Ultimately, Defendant Bowers forcefully slammed Mr. McNeil's head and face into the pavement, again without any threat or resistance on Mr. McNeil's part, resulting in a laceration to the chin, a laceration to the lip, a fractured tooth, and a close head injury. Mr. McNeil has been diagnosed with an ongoing traumatic brain injury.



*Photos of Mr. McNeil's injuries on February 19, 2025*

The Consolidated City of Jacksonville, Florida and Duval County, Florida, in conjunction with the Jacksonville Sheriff's Office, through its elected Sheriff Thomas Kevin Waters (hereinafter referred to as "Defendant Waters"), enforces a policy that allows its officers to utilize unwarranted and excessive physical force against an individual who poses no immediate threat to the officer or to others, a practice commonly referred to as "distractionary blows."[1] Furthermore, the City of Jacksonville, Florida and JSO, maintains a policy that allows its officers to refrain from reporting instances of force when the physical force applied to an individual did not lead to, or was claimed to have led to, any injury. This policy creates a setting that promotes its officers to engage in illegal or excessive use of force without the

---

[1] When asked why he did not report Use of Force 1 in his Response to Resistance report, Officer Bowers explained he considered his use of the distraction strike as a tool and did not consider it as the deployment of force. (Officer Bowers was interviewed on July 21, 2025, by JSO Integrity detectives)

fear of encountering any repercussions or consequences, nor the obligation to report such actions. Furthermore, this policy permits an officer to perpetrate a criminal assault on an individual without the obligation to report such an act. Both policies enacted by the City of Jacksonville, Florida and JSO, were instrumental in the infringement of the Plaintiff's constitutional rights.

The Plaintiff brings federal constitutional claims against the Defendants for committing acts under color of law that deprived the Plaintiff of his rights under the Constitution.

## JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over Plaintiffs' claims under the U.S. Constitution, which are brought both directly and under 42 U.S.C. § 1983.

2.

Venue is proper in this District under 28 U.S.C. § 1391(b)(2). All of the events giving rise to this Complaint occurred within this District.

## PARTIES

### 3.

At all times relevant hereto, Plaintiff William McNeil Jr resides in the State of Florida and are citizens of the United States of America.

### 4.

At all times relevant hereto, Defendant D. Bowers was a citizen of the United States and a resident of the State of Florida and was acting under color of state law in his capacity as a law enforcement officer employed by the JSO. Defendant Bowers is sued in his individual capacity.

### 5.

At all times relevant hereto, Defendant D. Miller was a citizen of the United States and a resident of the State of Florida and was acting under color of state law in his capacity as a law enforcement officer employed by the JSO. Defendant Miller is sued in his individual capacity.

### 6.

At all times material hereto, Defendant Thomas Kevin Waters, Sheriff of the Consolidated City of Jacksonville and Duval County, is an entity, corporate and political, duly organized under the laws of the State of Florida. JSO is the governmental entity responsible, as a matter of law, for the actions of its officials, agents, and employees, and was responsible for their training, supervision, and

conduct. JSO is also responsible for ensuring that its police personnel obey the laws of the State of Florida and ensuring that its rules and regulations are followed and enforced. Defendant Waters is sued in his individual capacity.

7.

The Consolidated City of Jacksonville, Florida and Duval County, Florida is an entity, corporate and political, duly organized under the laws of the State of Florida.  The City of Jacksonville is the governmental entity responsible, as a matter of law, for the actions of its officials, agents, and employees, and was responsible for their training, supervision, and conduct. The City of Jacksonville is also responsible for ensuring that its police personnel obey the laws of the State of Florida and ensuring that its rules and regulations are followed and enforced.

## FACTUAL ALLEGATIONS

*Events That Occurred on February 19, 2025*

8.

On February 19, 2025, Defendant Bowers conducted a traffic stop on the Plaintiff's SUV due to the vehicle operating without headlights and the driver not utilizing a seatbelt.

9.

As Defendant Bowers approached the driver's side window of the Plaintiff's vehicle, the Plaintiff opened his door to indicate that his window was damaged and inquired about the reason for the traffic stop.

10.

Defendant Bowers notified the Plaintiff that he had pulled him over due to the absence of headlights during inclement weather and the failure to wear a seatbelt. Notably, at the time of the stop there was no inclement weather.

11.

Due to apprehensions regarding the credibility of Defendant Bowers justification for the traffic stop, the Plaintiff requested for a supervisor to respond to the scene.

12.

Defendant Bowers subsequently positioned his hand on his service weapon and directed the Plaintiff to vacate the vehicle. This conduct by Defendant Bowers prompted the Plaintiff to shut and secure his door. The Plaintiff made no effort to escape. He stayed at the location and persisted in requesting the presence of a supervisor while remaining within his vehicle.

13.

Several more officers arrived at the location of the traffic stop. At one point, the Plaintiff clearly expressed Defendant Miller the reasons for his request for a supervisor's presence. Specifically, the Plaintiff communicated to Defendant Miller that Defendant Bowers had stated he was pulled over for not having his headlights activated during inclement weather. The Plaintiff also informed Defendant Miller that it was not raining, to which the Defendant Miller agreed.

14.

Notably, during the traffic stop, Defendant Bowers had his headlights turned off, and his windshield wipers were not in operation, which would have suggested the possibility of rain. Furthermore, Defendant Miller and other officer who responded to the scene also had their headlights off, and their windshield wipers were not activated.

15.

While another officer had his firearm aimed directly at the Plaintiff within the Plaintiff's line of sight, Defendant Bowers forcefully shattered the window on the driver's side of the Plaintiff's vehicle. Following this, and without any legal justification, Defendant Bowers struck the Plaintiff in the face.

16.

Defendant Miller subsequently released the Plaintiff's seatbelt and removed the Plaintiff from the vehicle. After the Plaintiff was extracted from the vehicle, he was again struck in the face by Defendant Bowers, even though the Plaintiff did not present any threat or show any resistance that would necessitate Defendant Bowers employing excessive force in the execution of his official duties.

17.

Subsequently, Defendants Bowers, Miller, and another officer forced the Plaintiff to the ground. While in a prone position with his hands positioned behind his back to facilitate the application of handcuffs, Defendant Bowers forcefully struck the Plaintiff's head against the pavement, leading to a laceration of the chin, a laceration of the lip, a fractured tooth, and a clinically diagnosed traumatic brain injury. Defendant Miller delivered four close hand strikes to the Plaintiff's back.

18.

Additionally, several unidentified officers, neglected to intervene to prevent Defendants Bowers from using excessive force against the Plaintiff, even after witnessing Defendants Bowers assaulting the Plaintiff while he was seated in his vehicle. The unidentified officers was cognizant of Defendants Bowers' propensity for unlawful violence directed at the Plaintiff.

19.

The unidentified officers possessed both the opportunity and the requisite training and skills to intervene and stop Defendant Bowers and Defendant Miller from utilizing excessive force against the Plaintiff.

*Policy/custom that allows its officers to utilize unwarranted and excessive physical force against a non-resisting individual*

20.

The Consolidated City of Jacksonville, Florida and Duval County, Florida, in conjunction with Defendant Waters, enforces a policy/custom that allows its officers to utilize unwarranted and excessive physical force against an individual who poses no immediate threat to the officer or to others, a practice commonly referred to as "distractionary blows."

21.

Furthermore, The Consolidated City of Jacksonville, Florida and Duval County, Florida, in conjunction with Defendant Waters, maintains a policy that allows its officers to refrain from reporting instances of force when the physical force applied to an individual did not lead to, or was claimed to have led to, any injury. This policy creates a setting that promotes its officers to engage in illegal or excessive use of force without the fear of encountering any repercussions or consequences, nor the obligation to report such actions.

22.

Furthermore, this policy permits an officer to commit an assault on an individual without the obligation to report such an act. Both policies enacted by the Consolidated City of Jacksonville, Florida and Duval County, Florida, in conjunction with Defendant Waters, were instrumental in the infringement of the Plaintiff's constitutional rights.

23.

Defendant Waters is a policy maker for the Consolidated City of Jacksonville, Florida and Duval County, Florida.

24.

The Plaintiff's injuries include but are not limited to, loss of constitutional and federal rights, physical injuries, impairments and disfigurement, great pain and emotional distress, and/or aggravation of pre-existing conditions, and ongoing special damages medically/psychologically related treatment caused by the unconstitutional and moving forces concerted conduct of all these Defendants.

25.

The Plaintiff's  also continues to suffer ongoing emotional distress, with significant PTSD type symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares and flashbacks from his assault.

26.

The Plaintiff's  is still under the care of medical physicians. The Plaintiff has

been diagnosed with an ongoing traumatic brain injury as a result of the Defendants'

actions.

CLAIMS FOR RELIEF

FIRST CLAIM FOR RELIEF
42 U.S.C. § 1983 – Excessive Force in violation of the Fourth Amendment
(Against Defendants Bowers and Miller)

27.

Plaintiff realleges and incorporates herein by reference each and every

allegation contained in paragraphs 1 through 26 of this Complaint

42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation,
custom or usage of any state or territory or the District of Columbia
subjects or causes to be subjected any citizen of the United States or
other person within the jurisdiction thereof to the deprivation of any
rights, privileges or immunities secured by the constitution and law
shall be liable to the party injured in an action at law, suit in equity, or
other appropriate proceeding for redress…..

28.

Defendants Bowers and Miller to this claim are persons for purposes of 42 U.S.C. § 1983.

29.

Defendant Bowers and Miller  at all times relevant hereto were acting under the color of state law in their capacities as a Deputy/ Officer for JSO and their acts or omissions were conducted within the scope of his official duties or employment.

30.

At the time of the complained of events, the Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

31.

The Plaintiff also had the clearly established Constitutional right under the Fourth Amendment  and to bodily integrity and to be free from excessive force by law enforcement.

32.

Any reasonable JSO Deputy/Officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

33.

Defendant Bowers and Miller actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth Amendments rights of the Plaintiff.

34.

Defendant Bowers and Miller actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to the Plaintiff's federally protected rights. The force used by Defendant Bowers and Miller shocks the conscience and violated the Fourth Amendment right of the Plaintiff.

35.

Defendants Bowers and Miller unlawfully seized the Plaintiff by means of objectively unreasonable, excessive and conscious shocking physical force.

36.

The force used by Defendants Bowers and Miller violated clearly establish law for the United States Eleventh Circuit Court of Appeals.

37.

Defendants Bowers and  Miller did so with shocking and willful indifference to the Plaintiff's rights and with conscious awareness that it could cause the Plaintiff's serious bodily harm or death.

38.

Defendants Bowers and Miller engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiff's federally protected constitutional rights.

39.

Defendants Bowers and Miller did so with shocking and willful indifference to the Plaintiff's rights and with conscious awareness that it could cause Plaintiff's serious bodily harm or death.

40.

The acts or omissions of the Defendants Bowers and Miller were the moving forces behind the Plaintiff's injuries. The acts or omissions of Defendants Bowers and Miller as described herein intentionally deprived the Plaintiff of his constitutional rights and caused him other damages. Defendants Bowers and Miller are not entitled to qualified immunity for his actions.

41.

As a proximate result of Defendants Bowers and Miller unlawful conduct, the Plaintiff was seriously injuried. As a further result of Defendant Bowers and Miller's unlawful conduct, the Plaintiff has incurred special damages, including medical expenses and other special damages related expenses, in amounts to be established at trial.

42.

On information and belief, the Plaintiff suffered lost future earnings not yet fully ascertained sequelae in amounts to be ascertained in trial. The Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

43.

In addition to compensatory, economic, consequential and special damages, the Plaintiff is entitled to punitive damages against each of the individually named Defendant under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of the Plaintiff.

44.

WHEREFORE, Plaintiffs prays for the following relief:

1. Judgment for compensatory damages;

2. Judgment for exemplary or punitive damages;

3. Cost of suit;

4. Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

5. Trial by jury as issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

SECOND CLAIM FOR RELIEF:

Sheriff Thomas Kevin Waters, Consolidated City of Jacksonville, Florida and
Duval County, Florida's Longstanding Policy, Practice, and/or Custom
was a Moving Force Behind and Caused the Plaintiffs  Injuries

44.

Plaintiff realleges and incorporates herein by reference each and every
allegation contained in paragraphs 1 through 26 of this Complaint.

.

Sheriff Thomas Kevin Waters, Consolidated City of Jacksonville, Florida and
Duval County, Florida is liable for all damages referenced in these pleadings,
including those suffered by the Plaintiff, pursuant to *Monell v. Department of Soc.
Servs.,* 436 U.S. 658 (1978) and its progeny. Sheriff Thomas Kevin Waters,
Consolidated City of Jacksonville, Florida and Duval County, Florida's actions and
inaction otherwise referenced in this pleading, related to alleged damages, and its
policies, practices, and/or customs, were moving forces behind, resulted in, were
producing causes of, and were proximate causes of the referenced constitutional
violations and damages.

61.

Upon information and belief, Sheriff Thomas Kevin Waters,
Consolidated City of Jacksonville, Florida and Duval County, Florida's

longstanding policy, practice, and/or custom of using excessive force was a moving force behind and caused the Plaintiff's injuries.

62.

The Consolidated City of Jacksonville, Florida and Duval County, Florida, in conjunction with the Jacksonville Sheriff's Office, through its policy maker Defendant Waters, enforces a policy that allows its officers to utilize unwarranted and excessive physical force against an individual who poses no immediate threat to the officer or to others, a practice commonly referred to as "distractionary blows." Furthermore, the City of Jacksonville, Florida and JSO, maintains a policy that allows its officers to refrain from reporting instances of force when the physical force applied to an individual did not lead to, or was claimed to have led to, any injury. (See Exhibit A) This policy creates a setting that promotes its officers to engage in illegal or excessive use of force without the fear of encountering any repercussions or consequences, nor the obligation to report such actions. Furthermore, this policy permits an officer to perpetrate a criminal assault on an individual without the obligation to report such an act. Both policies enacted by the City of Jacksonville, Florida and JSO, were instrumental in the infringement of the Plaintiff's constitutional rights.

63.

JSO rarely finds that its officers have violated the use-of-force policy. Between the years 2022 and 2024, the Jacksonville Sheriff's Office (JSO) initiated 424 investigations concerning allegations of excessive use of force. Out of these, only 3 allegations were upheld, as indicated in JSO's Data Report.

64.

Upon information and belief, The Consolidated City of Jacksonville, Florida and Duval County, Florida, in conjunction with the Jacksonville Sheriff's Office's customs, practices, and/or policies caused, were proximate causes or, and/or were producing causes of all damages referenced herein. The policymakers, at all times relevant to this pleading, determined the customs, practices, and policies referenced herein. The policymakers' failure to adopt, upon information and belief, policies referenced in this pleading, as well as failure to stop customs, practices, and policies which developed and which are mentioned in this pleading, were intentional choices. Thus, the Consolidated City of Jacksonville, Florida and Duval County, Florida, in conjunction with the Jacksonville Sheriff's Office was deliberately indifferent to, and acted in an objectively unreasonably manner regarding, the Plaintiff's constitutional rights (as well as the rights of any others who suffered Fourth Amendment and Fourteenth violations excessive use of force at the hands JSO officers).

65.

Upon information and belief, the Consolidated City of Jacksonville, Florida and Duval County, Florida, in conjunction with the Jacksonville Sheriff's Office's customs, practices, and/or policies were moving forces behind the violation of the Plaintiff's right and showed deliberate indifference to the known or obvious consequences of constitutional violations. They also, upon information and belief, caused, were proximate causes or, and were producing causes of all damages resulting from unconstitutional excessive force against and seizure of the Plaintiff.

## PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

a. compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount in excess of $100,000.00

b. economic losses on all claims allowed by law;

c. special damages in an amount to be determined at trial;

d. punitive damages on all claims allowed by law against individual Defendants and in an amount in excess of $100,000.00

e. attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

f. pre- and post-judgment interest at the lawful rate; and, any further relief that this court deems just and proper, and any other appropriate relief a law and equity.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Respectfully submitted the 10th day of September 2025.


/s/ Harry M. Daniels
Harry M. Daniels
/s/ Gerald Griggs
Gerald Griggs

Law Offices of Harry M. Daniels, LLC
4751 Best Road, Suite 205
Atlanta, GA 30337
(Tel) 678-664-8529
(Fax) 800-867-5248
daniels@harrymdaniels.com
Gerald@harrymdaniels.com

*Pending Approval of Special Admission of a Non-Resident Lawyer*

/s/Benjamin L. Crump
Benjamin L. Crump
Florida Bar No. 72583
/s/ Sue-Ann Robinson
Sue-Ann Robinson
Florida Bar No. 29463
/s/ Gabrielle Higgins
Gabrielle Higgins 1025840
Florida Bar No. 1025840

BEN CRUMP LAW PLLC
614 S federal highway
Fort Lauderdale , Florida 33301
(800) 691-7111
ben@bencrump.com
Sueann@bencrump.com
gabrielle@bencrump.com


Under Federal Rule of Civil Procedure 11, by signing above, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly

increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.