# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

WILLIAM MCNEIL, JR.,

      Plaintiff,

v.                                  Case No. 3:25-cv-01058-MMH-PDB

D. BOWERS, In His Individual
Capacity; D. MILLER, in his individual
capacity; SHERIFF T.K. WATERS, in his
individual Capacity As Sheriff of the
Consolidated City of Jacksonville and
Duval County; and Consolidated City
Of Jacksonville, Florida and Duval
County, Florida.

      Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS BOWERS AND MILLER

COME NOW, the Defendants, D. BOWERS and D. MILLER ("Officers"), by and through the undersigned attorney and file this Answer and Affirmative Defenses to the Complaint and demand for jury trial in the above referenced case. The Officers deny all allegations not specifically admitted and would demand strict proof thereof at trial.

As to each numbered paragraph, the Officers state[1]:

<u>**Jurisdiction and Venue**</u>

1.     Admitted for jurisdictional purposes.

2.     Admitted for venue purposes.

<u>**Parties**</u>

3.     Admitted that Plaintiff is a resident of the State of Florida.

4.     Admitted that Bowers is a citizen of the United States and a resident of the State of Florida, that Bowers was acting under color of state law in his capacity as a law enforcement officer, and was a sworn member of the Jacksonville Sheriff's Office.

5.     Admitted that Miller is a citizen of the United States and a resident of the State of Florida, that Bowers was acting under color of state law in his capacity as a law enforcement officer, and was a sworn member of the Jacksonville Sheriff's Office..

6.     Admitted that T.K. Waters is the Sheriff of the City of Jacksonville, FL.; otherwise, denied as framed.

---

[1] The Complaint contains an "Introduction" that is inconsistent with Fed. R. Civ. P. 10(b), as it consists of an unnumbered paragraph and is not limited to a single set of circumstances. Further, the allegations of the "Introduction" are duplicated in the remainder of the Complaint. To the extent that the allegations of the "Introduction" are construed as claims, the Officers deny such claims.

7.     Admitted that the City of Jacksonville, Florida, is an entity, corporate, and political, duly organized under the laws of the State of Florida; otherwise, denied as framed.

### Factual Allegations

8.     Denied.

9.     Denied.

10.    Denied.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied as framed.

24.    Denied.

25.    Denied.

26.    Denied.

**Count I**
**42 U.S.C. § 1983**
**Excessive Force in Violation of the Fourth Amendment**
**(Bowers and Miller)**

27.    The Officers re-allege and incorporate by reference the previous answers to Plaintiff's 1-26, inclusive, as though fully set forth herein. This paragraph also contains a statement of law; to the extent this paragraph lodges an allegation against the officers, the Officers deny it.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied that Plaintiff is entitled to any of the relief sought.

**Count II**
**Florida's Longstanding Policy, Practice, and/or Custom**
**(T.K. Waters and City of Jacksonville)**

44. – 65.[2] This count does not assert a cause of action against the Officers; therefore, no response is required. To the extent the allegations are intended to pertain to Garriga, they are denied except where specifically admitted herein above.

**Prayer for Relief**

66.    Denied that Plaintiff is entitled to any of the relief sough.

**Affirmative, Special and/or Alternative Defenses**

67.    The Officers were, at all times mentioned in Plaintiff's Complaint, appointed and acting officers of the City of Jacksonville and peace officers of the State of Florida, and that at all times herein mentioned, were engaged in the performance of their regularly assigned duties as police officers.

68.    As a further and separate defense, the Officers allege that at all

---

[2] The Complaint is misnumbered after paragraph 44. This Answer will use the numbers as they appear in the Complaint.

relevant times, they acted in good faith, without malice, and within the scope of their duties, and in a manner which they reasonably believed was necessary and consistent with applicable law and are therefore entitled to immunity, pursuant to §768.28, Florida Statutes.

69.    As a further and separate defense, the Officers allege that pursuant to *Harlow v. Fitzgerald*, 102 S. Ct. 2727 (1982), they enjoy the defense of qualified immunity and are immune from liability because they acted within their discretionary authority in an objectively reasonable manner, in good faith, and entertained an honest, reasonable belief that their actions were necessary and did not violate clearly established law.

70.    As a further and separate defense, the Officers allege the Complaint fails to state a cause of action against them.

71.    As a further and separate defense, the Officers allege that Plaintiff was actually guilty of felony and/or misdemeanor criminal offenses; thus, Plaintiff's damages, if any, are nominal only and should otherwise be reduced as a result.

72.    As a further and separate defense, the Officers allege that the incident and damages alleged in this action were caused or contributed to by the negligence of third parties for which the Officers are not legally responsible, and they are therefore entitled to an apportionment of fault.

73.    As a further and separate defense, the Officers allege that Plaintiff failed to mitigate damages and, by his failure, has contributed to the extent of the

injuries he claims and, accordingly, damages should be barred or reduced in proportion to said failure.

74.    As a further and separate defense, the Officers allege that Plaintiff's asserted damages are the result of criminal acts, negligence, or carelessness of Plaintiff, and any such damages are barred and should be reduced by the doctrine of comparative negligence.

75.    As a further and separate defense, the Officers allege that Plaintiff has received, or is entitled to receive, or may in the future receive, compensation for injuries and damages sustained from collateral sources and the Officers claim a setoff for said compensation.

76.    The Officers adopt any defenses filed by a co-defendant that inures to their benefit.

### **Request For Jury Trial**

77.    The Officers respectfully request a trial by jury on all issues triable.

Respectfully submitted,

**PAUL DARAGJATI PLC**

  /s/  Paul A. Daragjati
PAUL A. DARAGJATI, ESQ.
Florida Bar No. 713813
Georgia Bar No. 491830
paul@daragjatilaw.com
ROSE DARAGJATI SZIKSZAY, ESQ.
Florida Bar No. 1025106
rose@daragjatilaw.com
4745 Sutton Park Court
Suite 503
Jacksonville, FL 32224
Telephone:  (904) 379-4117
Fax:            (904) 379-7108
*Counsel for Bowers and Miller*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on December 29, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will provide an electronic copy to all attorneys of record.

  */s/ Paul A. Daragjati*
*Counsel for Bowers and Miller*

8